IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michele McQuillan, | |
| Plaintiff, | Civil Action No.: 1:15-cv-2137 |
| v. | |
| Regional Acceptance Corporation d/b/a Regional Credit Corporation; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Michele McQuillan, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Michele McQuillan ("Plaintiff"), is an adult individual residing in Mokena, Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Regional Acceptance Corporation d/b/a Regional Credit Corporation ("Regional"), is a North Carolina business entity with an address of P.O. Box 483, Winston Salem, North Carolina 27102, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. §

153(39).

5. Does 1-10 (the "Collectors") are individual collectors employed by Regional and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Regional at all times acted by and through one or more of the Collectors.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

7. An individual other than the Plaintiff (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Regional for collection, or Regional was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Regional Engages in Harassment and Abusive Tactics**

### FACTS

11. Beginning in August, 2014, Regional contacted Plaintiff on Plaintiff's cellular telephone, number 708-xxx-7097, in an attempt to collect the Debt.

12. Regional placed calls to Plaintiff's cellular phone looking for the Debtor, who is Plaintiff's fiancé.

13. During all times herein unless otherwise mentioned, Regional placed calls to Plaintiff's cellular telephone by using an artificial or prerecorded voice.

14. Plaintiff's cellular phone number was never given to Regional, and Regional was never given express permission to place calls to Plaintiff's cellular phone.

15. When Plaintiff answered the calls, she would hear a prerecorded voice which stated "This is Regional Acceptance, please contact us at…"

16. On few occasions, after Plaintiff answered a call from Regional she would be connected to a live representative. During a conversation with a live representative taking place in September, 2014, Plaintiff informed the representative that the Debtor could not be reached at her cellular phone number.

17. Plaintiff further requested that the calls to her cellular telephone cease.

18. In response, Regional assured Plaintiff that the calls to her phone number would cease.

19. Despite Plaintiff's request, the calls from Regional continued.

20. Without Plaintiff's consent, Regional harassed Plaintiff with over sixty calls to her cellular phone.

21. The repeated calls caused Plaintiff significant inconvenience and concern.

**C. Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

24. The Plaintiff incorporates by reference all of the above paragraphs of this

3

Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff for purposes other than to confirm or correct location information.

26. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the Debtor's debt on numerous occasions, without being asked to do so.

27. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt

28. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. At all times mentioned herein and within the last year, Defendants called Plaintiff on her cellular telephone by using a prerecorded or artificial voice.

34. In expanding on the prohibitions of the TCPA, the Federal Communications

Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

35. Defendants' telephone systems have some earmarks of a Predictive Dialer.

36. Often times when Plaintiff answered the phone, she would hear a prerecorded voice.

37. Without prior consent Defendants contacted the Plaintiff by means of prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

38. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

39. Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her request for the calls to cease. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

40. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41. Plaintiff is entitled to an award of $500.00 in statutory damages for each call

made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages;

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 11, 2015

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.

6

                                                LEMBERG LAW, L.L.C.
                                                1100 Summer Street, 3rd Floor
                                                Stamford, CT 06905
                                                Telephone: (203) 653-2250
                                                Facsimile:  (203) 653-3424
                                                Attorney for Plaintiff